CALLOWAY v. ANGEL.

(December 22, 1900.)

1. *Contract—Acknowledgment of Indebtedness—Option on Land.*

  · A person is entitled to recover the amount of a debt on a written acknowledgment thereof, though coupled with a promise to pay it out of proceeds of certain land with an option on the land.

2. *Jurisdiction—Justices of the Peace—Real Estate—Executory Contract.*

  A promise to pay $200 out of the proceeds of the sale of land is an executory contract, and may be recovered before a Justice of the Peace.

CIVIL ACTION by Joseph Calloway against B. M. Angel, administrator of Thomas M. Angel, heard by Judge *O. H. Allen* and a jury, at Fall Term, 1900, of MACON Superior Court. From judgment for plaintiff, defendant appealed.

*Ray & Kelly,* for the plaintiff.
*Jones & Johnston,* for the defendant.

CLARK, J. This was an action begun before a Justice of the Peace for the recovery of $200 upon the following instrument: "This is to certify that I am due Joseph Calloway two hundred dollars, to be paid out of the proceeds of the sale of the lands I own on Clear creek, in Highlands township, Macon County, and I hereby agree to make, or cause to be made, a deed to all of the land I own on Clear creek (one-half mineral interest excepted) to anyone the said Calloway may designate, whenever he pays me $300 over and above the $200 due him. Witness my hand and seal this January 7,

1897. [Signed] Thos. M. Angel." It was admitted that Thomas M. Angel signed said written instrument; that he was dead; and that the defendant was his only heir, and had duly qualified as his administrator. It was in evidence, and not contradicted, that the defendant had sold the Clear Creek land. The issue submitted to the jury by the Court was as follows: "What amount, if any, is the defendant indebted to the plaintiff?" The Court, being of the opinion that if B. M. Angel was the sole heir of Thomas M. Angel, and had sold the Clear Creek land, his intestate's estate would be liable upon the admissions, etc., instructed the jury that if they believed the evidence they should answer the issue $200, subject to a credit of $3—a payment of $3 being admitted. Defendant excepted to this charge of the Court. The jury returned a verdict, and answered the issue, "$200, subject to a credit of $3." This contract is an acknowledgment of an indebtedness of $200, an executory promise to pay it out of proceeds of the land named, and an option to plaintiff to take the land named for said $200, and $300 additional. This is not an action to enforce either the option or to subject the proceeds of the land sold, but a simple action to recover judgment for the $200. This could be done, of course, before a Justice of the Peace. The $200 indebtedness was in no wise dependent upon the sale of the land. The contract acknowledges that it was already due. Whatever error the Judge committed was against the appellee.

Affirmed.